**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 0 4 2008

JAMES N. HATTEN, Clerk
By: _____
                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HILLARY ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION **CAP** |
| v. | ) | |
| | ) | FILE NO. _____ |
| THE WEATHER CHANNEL, INC. | ) | **1:08-CV-0747** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Hillary Andrews, sets forth the following claims for relief:

### Jurisdiction and Venue

1.

This is an action to confirm an arbitration award under the Federal Arbitration

Act, 9 U.S.C. § 1 *et seq.*, (the "FAA"), and for declaratory relief.

2.

The sexual harassment, retaliation, intentional infliction of emotional

distress, and negligent retention claims adjudicated by the arbitration award that is

the subject of this action arose under Title VII or the Civil Rights Act of 1964, 42

U.S.C. § 2000e *et seq.*, and state tort law.  This Court has subject matter of such

claims under 28 U.S.C. § 1331, 42 U.S.C. § 2000e(f)(3), and 28 U.S.C. § 1367.

Accordingly, the Court also has subject matter jurisdiction over this action.

3.

Venue is proper in this district under 28 U.S.C. § 1391(b).

The Parties

4.

Ms. Andrews is a citizen of the United States and a former employee of the

Defendant, The Weather Channel, Inc. ("TWC")

5.

TWC is a corporation with principal offices in Atlanta, Georgia.  TWC

operates a cable television channel dedicated to weather reporting and other

weather-related broadcasts.  TWC employs On-Camera Meteorologists and other

on-air talent for its weather broadcasts.

The Underlying Facts

6.

TWC employed Ms. Andrews as an On-Camera Meteorologist from

September 2, 2003, through September 1, 2006.

ND: 4824-6720-6914, v  4

7.

As a condition to employing Ms. Andrews, TWC required her to sign an arbitration agreement (the "Arbitration Agreement"), providing that any legal claims she might later have against TWC could not be brought in court, but could only be decided by arbitration.  The Arbitration Agreement purported to impose a statute of limitations of 60 days on all claims brought by Ms. Andrews.  The Arbitration Agreement also invoked the employment arbitration rules of the American Arbitration Association, under which the arbitrator is paid solely by the employer.  A copy of the Arbitration Agreement is attached as Exhibit A to this Complaint.

8.

The Arbitration Agreement provided that any arbitration between Ms. Andrews and TWC would be governed by the Federal Arbitration Act, and that the arbitrator's "award and written opinion . . . shall be enforceable by any court of competent jurisdiction."

9.

In August of 2006, Ms. Andrews filed a Demand for Arbitration against TWC, asserting claims that arose out of the harassment she had suffered and TWC's actions and non-actions. The claims she asserted included sexual harassment, intentional infliction of emotional distress, negligent retention, and retaliation.

10.

Ms. Andrews alleged that, during her employment with TWC, Plaintiff endured severe sexual harassment at the hands of a co-worker. When she rejected the harasser's romantic advances, the co-worker retaliated by, among other things, sabotaging her work on air.

11.

Ms. Andrews alleged that she was not her harasser's first victim. To the contrary, he had intimidated and harassed numerous co-workers for years. TWC knew of his propensity to harass his co-workers. It deliberately tolerated his actions because he was a popular on-air personality and earned good ratings for TWC.

12.

During the discovery phase of the arbitration, in which the parties exchanged documents that had been in one another's possession, the parties entered into a confidentiality stipulation (the "Stipulated Protective Agreement"), which the arbitrator then adopted as his order. A copy of the Stipulated Protective Agreement is attached as Exhibit B to this Complaint.

13.

The Stipulated Protective Agreement permitted either party to designate documents that it produced to the other side as "Confidential." Documents so designated were not to be disclosed or used outside of the arbitration.

14.

The stated purpose of the Stipulated Protective Agreement was "to provide a mechanism by which the parties may protect confidential documents and information during the discovery process." The Stipulated Protective Agreement provided that it "does not restrict the use of [confidential] documents at the arbitration." The Stipulated Protective Agreement imposed no restrictions on the contents, language, substance, or dissemination of the arbitrator's written award.

15.

The arbitration hearing occurred from December 4-8, 2007.

16.

At no point during the arbitration process did TWC ask the arbitrator to limit his discussion of the evidence when writing the award.

17.

At no point during the arbitration process did TWC ask the arbitrator to place any restriction on disclosure or dissemination of the award, or otherwise interfere with the right of the parties to confirm the award under both the FAA and the express terms of the Arbitration Agreement.

18.

On January 31, 2008, the arbitrator issued a written, reasoned decision (the "Award").

19.

The arbitrator's Award included a detailed examination of evidence underlying Ms. Andrews' claims of intentional infliction of emotional distress and negligent retention against TWC.

20.

Following issuance of the Award, Ms. Andrews informed TWC that she

intended to place the Award into the public record. In response, TWC claimed the

Stipulated Protective Agreement barred Ms. Andrews from disclosing the Award.

TWC threatened to sue both Ms. Andrews and her counsel unless they kept the

Award secret in perpetuity. TWC wrote:

> The Weather Channel, Inc. will not hesitate to take all appropriate
> action to hold you and your client fully and personally responsible for
> any and all penalties and remedies available under the law, including
> all damages caused by any such disclosure.

A copy of the February 15, 2008 letter is attached as Exhibit C to this Complaint.

21.

When it threatened Ms. Andrews and her counsel, TWC realized that the

Stipulated Protective Agreement imposed no restrictions on dissemination of the

Award. TWC made the threat in bad faith, in hopes that the threat of litigation

would intimidate Ms. Andrews into silence.

## COUNT I – Confirmation of the Award

### 22.

Plaintiff incorporates by reference all of the preceding paragraphs of the complaint.

### 23.

The arbitration between the parties is governed by the Federal Arbitration Act.

### 24.

Pursuant to Section 9 of the FAA, 9 U.S.C. § 9, Ms. Andrews is entitled to confirm the Award, and hereby seeks to do so.

## COUNT II – Declaratory Judgment

### 25.

Plaintiff incorporates by reference all of the preceding paragraphs of the complaint.

### 26.

Both the Arbitration Agreement and the FAA affirmatively entitle Ms. Andrews to place the Award into the public record.

27.

No statute or other rule of law imposes on Ms. Andrews any legal duty to conceal the contents or language of the Award.

28.

Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Ms. Andrews is entitled to a declaratory judgment that she owes TWC no legal obligation to conceal the contents or language of the Award, and is free to place the Award into any public record. Alternatively, Ms. Andrews is entitled to the same relief under Georgia's Declaratory Judgment Act, O.C.G.A. § 9-4-2.

<u>Demand for Judgment</u>

Plaintiff requests that the Court:

(a) Confirm the Award;

(b) Grant the declaratory relief prayed for above;

(c) Award the Plaintiff the expenses of this litigation, including attorney's fees, costs and disbursements; and

(d) Grant such additional relief as may be just.

Respectfully submitted,

Daniel M. Klein
Georgia Bar No. 425037
dmklein@buckleyklein.com
Dena G. George
Georgia Bar No. 29733
dggeorge@buckleyklein.com

BUCKLEY & KLEIN, LLP
1180 West Peachtree Street
Atlantic Center Plaza, Suite 1100
Atlanta, Georgia 30309
Phone: 404-781-1100
Fax: 404-781-1101
Attorneys for the Plaintiff

–10–